IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
WILLIAM DOUGLAS WRIGHT and    )
JUDY WOODALL,                 )
                              )
          Plaintiffs,         )
                              )
     V.                       )
                              )     1:04CV00832
                              )
KRISPY KREME DOUGHNUTS, INC., )
SCOTT A. LIVENGOOD, ERSKINE,  )
BOWLES, MARY DAVIS HOLT,      )
WILLIAM T. LYNCH, JR., JOHN N.)
McALEER, JAMES H. MORGAN,     )
DR. SU HUA NEWTON, ROBERT L.  )
STRICKLAND, TOGO D. WEST, JR.,)
STEVEN D. SMITH, JOHN W. TATE,)
RANDY S. CASSTEVENS, R. FRANK )
MURPHY, JOSEPH A. McALEER, JR.,)
JOHN A. McALEER, JR., JOHN    )
McALEER ORRELL, NORTH TEXAS   )
DOUGHNUTS, L.P., GREATER DFW  )
DOUGHNUTS, INC., GREATER DFW  )
DOUGHNUTS, L.L.P., ARLINGTON  )
DOUGHNUT COMPANY, L.L.C.,     )
GRAPEVINE DOUGHNUT COMPANY,   )
L.L.C., FRISCO DOUGHNUT COMPANY,)
L.L.C., EULESS DOUGHNUT COMPANY,)
L.L.C., OLD TOWNE DOUGHNUT    )
COMPANY, L.L.P., HULEN ST.    )
DOUGHNUT COMPANY, L.L.P.,     )
DOUGH-RE-MI COMPANY, LTD.,    )
                              )
          Defendants.         )
```

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

This matter is before the court on Applicant Trudy Nomm's ("Nomm's") Motion to Intervene as a plaintiff. This case is a shareholder's derivative action originally brought by Plaintiffs

Judy Woodall ("Woodall") and William Douglas Wright ("Wright") against Defendants Krispy Kreme Doughnuts, Inc., directors for Kripsy Kreme, and certain other entities that entered business transactions with Krispy Kreme. The causes of action include breach of fiduciary duty, constructive fraud, negligence, and unfair and deceptive trade practices. For the reasons set forth below, the court will grant Nomm's Motion to Intervene.

**I. BACKGROUND**

On May 27, 2004 and June 21, 2004, under N.C. General Statute section 55-7-42, Woodall and Wright made a "demand" upon Krispy Kreme. That statute mandates a shareholder to make a demand on the corporation before he may sue derivatively. The shareholder must demand the corporation take action on wrongs done to the corporation before the shareholder may sue to take legal action on those same wrongs. Except under special circumstances, a shareholder may sue derivatively ninety days after making the demand unless the corporation rejects the demand before the ninety-day period ends. N.C. Gen. Stat. § 55-7-42. Woodall and Wright wanted Krispy Kreme to take action upon certain alleged breaches of fiduciary duties, negligent acts, and unfair and deceptive acts. Their demand application used public reports and related litigation as support.

On September 1, 2004, Krispy Kreme rejected the demand. Since the shareholder may sue derivatively after demand

rejection, on September 14, 2004, Wright and Woodall filed a shareholder's derivative action against the directors and officers of Krispy Kreme. On October 27, 2004, Krispy Kreme filed a motion to stay the Wright and Woodall action under N.C. General Statute section 55-7-43, which grants a court discretion to stay litigation "[i]f the corporation commences an inquiry into the allegations set forth in the . . . [derivative] complaint." Krispy Kreme formed a special committee to investigate the allegation. This court granted the motion on April 4, 2005, and the stay was for sixty days.

  Separately, Trudy Nomm made a request for documents under N.C. General Statute section 55-16-02 upon Kripsy Kreme on November 10, 2004. That statute gives a shareholder limited rights to request and view the corporation's financial books and records. Krispy Kreme refused the request for documents on December 17, 2004. On February 21, 2005, Nomm filed a books-and-records complaint in North Carolina state court. Such a complaint can result in a court order for production of books and records. Nomm apparently wanted those documents in order to craft her own demand under section 55-7-42. Nomm never made a demand but eventually applied to intervene in this present action, an action that has been consolidated with two other cases: 1:05CV450 and 1:05CV461.

3

## II. ANALYSIS

A party may intervene in an action as of right or by the court's permission. Fed. R. Civ. P. 24(a)-(b). Applicant Trudy Nomm applied under both, which are considered in turn below.

### A. Intervention as of Right

In order to intervene as of right, when a statute does not otherwise confer a right to intervene, a party must (1) timely apply, (2) have "an interest relating to the property or transaction [that] is the subject of the action," and (3) be "so situated that the disposition of the action may . . . impair or impede the applicant's ability to protect that interest," (4) "unless that applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2). At issue here are timeliness and adequate representation.

#### 1. Timely Application

Under Rule 24(a)(2) intervention, "the timeliness requirement . . . should not be as strictly enforced as in a case where intervention is only permissive." Brink v. DaLesio, 667 F.2d 420, 428 (4th Cir. 1981). Furthermore, "[t]he district court is entitled to the full range of reasonable discretion in determining whether these requirements . . . have been met." Virginia v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976) (quoting Rios v. Enterprise Ass'n Steamfitters Local Union No. 638 of U.A., 520 F.2d 352, 355 (2d Cir. 1975)).

4

Several factors determine if the application is timely: "how far the suit has progressed, the prejudice that delay might cause other parties, and the reason for the tardiness in moving to intervene." Scardelletti v. Debarr, 265 F.3d 195, 203 (4th Cir. 2001), rev'd on other grounds, Devlin v. Scardelletti, 536 U.S. 1, 122 S. Ct. 2005 (2002). The court should consider all factors together. For example, "[m]ere passage of time is but one factor to be considered in light of all the circumstances." Spring Constr. Co. v. Harris, 614 F.2d 374, 377 (4th Cir. 1980). Courts also focus more closely on how far the suit has progressed and the likelihood that intervention may unfairly disrupt some resolution of the case. See, e.g., Scardelletti, 265 F.3d at 202–03 ("The purpose of the [time] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the [case's] terminal." (quoting United States v. South Bend Cmty. Sch. Corp., 710 F.2d 394, 396 (7th Cir. 1983))). Thus, the court's determination must focus on not only the delay's length, but also how the delay might be prejudicial and disruptive to the case's progress.

Here, Nomm's application to intervene is timely. Nomm did make her application to intervene nine months after the initial filing of the Wright and Woodall complaint, but Wright and Woodall point to nothing in their motion on how intervention at this point is disruptive or prejudicial to the case's progress.

5

This case is still pending court action in order to set a date for an amended consolidated complaint.  Thus, this is not an intervention that would "derail[] a lawsuit within sight of the terminal."  Id. (quoting South Bend, 710 F.2d at 396).  The parties present no argument that this case is close to any resolution.

Nomm, furthermore, proffers legitimate reasons for her delay.  After Woodall and Wright's initial complaint filing, Nomm made a request for a books-and-records inspection and also filed a complaint in state court requesting the same documents.  Nomm sought alternative methods of resolution instead of immediately intervening in this action.  Nomm also sought internal documents to craft a demand upon the corporation instead of using only public reports, which might have created a stronger demand Krispy Kreme might not have rejected.  Since Nomm sought other means of resolution besides immediate intervention, Nomm had a legitimate purpose in waiting.  Because Nomm's intervention would not disrupt the case's progress and Nomm had legitimate reasons for waiting to intervene, Nomm's motion to intervene is timely.

    2.    Adequate Representation

Normally, the "burden of showing an inadequacy of representation is minimal."  Westinghouse, 542 F.2d at 216.  However, "[w]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises

that its interests are adequately represented, against which the [applicant for intervention] must demonstrate adversity of interest, collusion, or nonfeasance." Id. As Woodall and Wright assert and Nomm does not question, all the present parties have the same interest; they all are suing derivatively as shareholders. Thus, Nomm has the burden of showing that counsel is inadequate. Nomm argues that present counsel has been malfeasant by "failing to pursue appropriate procedures, thereby impeding Nomm's ability to obtain important documents." (Nomm's Reply Mem. Law Support Mot. Intervene at 5.)

Nomm's concerns about present counsel do not create inadequate representation. A mere difference in opinion over trial tactics is not sufficient to render an intervenor's interest inadequately represented. Bumgarner v. Ute Indian Tribe of the Uintah and Ouray Reservation, 417 F.2d 1305, 1308 (10th Cir. 1969); 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1909, at 344 (2d ed. 1986 & Supp. 2005) ("A mere difference of opinion concerning the tactics with which litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party or who are formally represented in the lawsuit."). In Bumgarner, present counsel and the applicant for intervention disagreed on how a defense would be handled. 417 F.2d at 1308. The Tenth Circuit held there is

7

adequate representation even when there is a mere difference in a trial tactic.  Id.  The court implicitly reasoned that a difference in litigation tactics, including how to present a defense, was not serious enough to prevent present counsel from representing the applicant's viewpoints adequately.  See id.  But cf. Bragg v. Robertson, 183 F.R.D. 494, 496 (S.D. W. Va. 1998) (holding that the intervening party's defense not raised by the present counsel rendered her interest inadequately represented).

   Here, Nomm's concerns about present counsel focus merely on litigation techniques.  Where the intervening party in Bumgarner alleged a difference in opinion over how to present a defense, Nomm complains that present counsel failed to seek appropriate procedures for production of company documents.  She alleged Wright and Woodall should have sought a production of books and records as Nomm did instead of researching publically available reports.  In both cases, the intervenor has a difference of opinion over trial tactics, which is not sufficient to create inadequate representation.  Nomm is adequately represented by present counsel.

   Thus, Nomm timely filed for intervention as of right. However, present counsel adequately represents Nomm's interests because Nomm's arguments only show that she wants different trial tactics.  Nomm cannot intervene as of right under Rule 24(a)(2).

B.  Permissive Intervention

A party may intervene, when not otherwise permitted by statute, with the court's permission, "[u]pon timely application," "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). "Permissive intervention is wholly discretionary with the district court . . . ." Bush v. Viterna, 740 F.2d 350, 359 (5th Cir. 1984). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). Thus, the elements are timeliness, shared question or law or fact, and undue delay or prejudice. At issue here are timeliness and prejudice or undue delay. The above discussion resolved the timeliness issue in favor of intervention.[1] The court will now proceed to discuss prejudice.

The court must consider undue delay or prejudice caused by the intervention, Fed. R. Civ. P. 24(b), but "[a] finding by the court that the presence of the intervenor will not prejudice the original parties serves to encourage the court to exercise its discretion to allow intervention." 7C Wright, Miller, & Kane, supra, § 1913, at 380. Wright and Woodall present no persuasive

---

[1] Even though timeliness under permissive intervention is more stringently analyzed, Brink v. DeLesio, 667 F.2d 420, 428 (4th Cir. 1981), the above discussion, see supra at II.A.1, is equally applicable here.

reason for why the intervention would unduly delay or prejudice the adjudication of their rights.

The only argument advanced as to why the intervention would be prejudicial is that Nomm can be in no shareholder's derivative suit unless she has made demand. The only support for this proposition is N.C. General Statute section 55-7-42. By its own plain language, that statute states that "[n]o shareholder may <u>commence</u> a derivative proceeding until" demand is made. N.C. Gen. Stat. § 55-7-42 (emphasis added). The statute does not require demand to be made when a party intervenes in an otherwise ongoing derivative action. Thus, the only argument proffered is without merit. Because no arguments show the parties would be unfairly prejudiced or unduly delayed and Nomm's motion is otherwise timely, the court will allow Nomm's motion for intervention.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Nomm's Motion to Intervene [71] is granted.

This the 21st day of October 2005.

                                        _____
                                        United States District Judge