IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WILLIAM DOUGLAS WRIGHT and JUDY WOODALL, | ) ) ) |
| Plaintiffs, | ) ) |
| V. | ) ) 1:04CV00832 ) |
| KRISPY KREME DOUGHNUTS, INC., SCOTT A. LIVENGOOD, ERSKINE, BOWLES, MARY DAVIS HOLT, WILLIAM T. LYNCH, JR., JOHN N. McALEER, JAMES H. MORGAN, DR. SU HUA NEWTON, ROBERT L. STRICKLAND, TOGO D. WEST, JR., STEVEN D. SMITH, JOHN W. TATE, RANDY S. CASSTEVENS, R. FRANK MURPHY, JOSEPH A. McALEER, JR., JOHN A. McALEER, JR., JOHN McALEER ORRELL, NORTH TEXAS DOUGHNUTS, L.P., GREATER DFW DOUGHNUTS, INC., GREATER DFW DOUGHNUTS, L.L.P., ARLINGTON DOUGHNUT COMPANY, L.L.C., GRAPEVINE DOUGHNUT COMPANY, L.L.C., FRISCO DOUGHNUT COMPANY, L.L.C., EULESS DOUGHNUT COMPANY, L.L.C., OLD TOWNE DOUGHNUT COMPANY, L.L.P., HULEN ST. DOUGHNUT COMPANY, L.L.P., DOUGH-RE-MI COMPANY, LTD., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge

This matter is before the court on Trudy Nomm's ("Nomm") Motion to Appoint Lead Counsel and Lead Plaintiff and Judy Woodall's ("Woodall") and William Douglas Wright's ("Wright")

(collectively, "Woodall Plaintiffs") Joint Motion to Appoint Co-Lead Counsel and Co-Lead Plaintiffs. All plaintiffs in this consolidated action assert claims against Defendants Krispy Kreme Doughnuts, Inc., directors for Kripsy Kreme, and certain other entities that entered business transactions with Krispy Kreme. The causes of action include breach of fiduciary duty, constructive fraud, negligence, and unfair and deceptive trade practices. For the reasons set forth below, the court will order that the Woodall Plaintiffs are Co-Lead Plaintiffs and their selection of counsel, Bruce G. Murphy, P.C., and Schiffrin & Barroway, L.L.P., with Wilson & Iseman, L.L.P., as Liaison Counsel, is Co-Lead Counsel.

**I.   BACKGROUND**

The case is actually several cases this court consolidated. Three shareholders' derivative actions were originally filed, one by each of the following groups: the Woodall Plaintiffs, Cynthia Andrews and James Lockwood, and Clark Blackwell as custodian for Mary Catherine Blackwell and Cody James Blackwell.

On September 14, 2004, the Woodall Plaintiffs filed a shareholder's derivative action against the directors and officers of Krispy Kreme. Separately, Nomm made a request for documents under N.C. General Statute section 55-16-02 upon Kripsy Kreme on November 10, 2004. That statute gives a shareholder limited rights to request and view the corporation's financial

2

books and records. Krispy Kreme refused that request for documents on December 17, 2004. On February 21, 2005, Nomm filed a books-and-records complaint in North Carolina state court, which may turn a shareholder's request for books and records into a court order. Nomm apparently was contemplating her own action against Krispy Kreme, including making a demand on the corporation under N.C. General Statute section 55-7-42.[1] Nomm eventually made a demand, and Krispy Kreme rejected it on October 7, 2005. This court eventually allowed Nomm to intervene in this action.

**II. ANALYSIS**

Federal Rule of Civil Procedure 42(a) provides that a court may, in consolidating a case, "make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." "This is a broad grant of authority . . . [that] has been applied liberally." In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972, 549 F.2d 1006, 1013 (5th Cir. 1977). Using this broad authority, and in order to expedite this

---

[1] Section 55-7-42 mandates a shareholder to make a "demand" on the corporation before she may sue derivatively. The shareholder must demand the corporation's directors take action on wrongs done to the corporation before the shareholder may sue to take legal action on those same wrongs. Except under special circumstances, a shareholder may sue derivatively ninety days after making the demand unless the corporation rejects the demand before the ninety-day period ends.

3

consolidated case and avoid unnecessary costs and delay, this court will appoint Lead Plaintiff and Lead Counsel.

    A.   Lead Plaintiff

In a shareholder's derivative action, Federal Rule of Civil Procedure 23.1 states a lead plaintiff must "fairly and adequately represent the interest[s] of the shareholders . . . in enforcing the right of the corporation or association." Horn v. Raines, 227 F.R.D. 1, 3 (D.D.C. 2005) (second alteration in original) (quoting Fed. R. Civ. P. 23.1). Analyzing a plaintiff's fitness to be lead plaintiff is determined under various factors including "(1) whether the plaintiff held shares during the relevant time period; (2) whether the plaintiff is represented by capable counsel; and (3) whether the plaintiff is subject to unique defenses that would make appointment problematic." Id.

The arguments of the competing Lead Plaintiff movants center around who has the better approach to the litigation. Nomm states that she took a better approach by seeking a books-and-records order under North Carolina law. Nomm claims that her "assertive approach . . . contrast[s with] the Woodall Plaintiffs['] . . . reckless and irresponsible course of action." (Nomm's Mem. Law Support Mot. Appoint. Lead Pl. & Lead Counsel at 14.) The Woodall Plaintiffs state that neither of these assertions is true. Moreover, they note that the books-and-records request has produced no documents. These arguments hardly put this court in a position to assess the propriety of

4

each litigant's actions. However, Nomm is an intervenor in this action. Intervention strongly suggests her alternative means of resolution were not the best courses of action. Since Nomm decided to take part in this litigation rather than continue a separate course of action, her actions suggest that filing a case, as the Woodall Plaintiffs did, was reasonably the better course of action, and they, thus, better represent the corporation's interests. For that reason, the Woodall Plaintiffs are to be appointed Lead Plaintiffs.

    B.    Lead Counsel

"The court . . . may appoint one or more attorneys as . . . [L]ead [C]ounsel . . . for the consolidated cases and accordingly assign the designated lawyers specific responsibilities." 9 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure: Civil 2d</u> § 2385, at 463 (2d ed. 1994 & Supp. 2005) (footnote omitted). "The function of . . . [Lead C]ounsel is merely to supervise and coordinate the conduct of plaintiffs' cases." <u>MacAlister v. Guterma</u>, 263 F.2d 65, 68 (2d Cir. 1958). "The decision regarding appointment of Lead Counsel is within the discretion of the Court." <u>Horn</u>, 227 F.R.D. at 3.

Nomm and the Woodall Plaintiffs both put forth counsel to be Lead Counsel. Nomm states that Wechsler Harwood, L.L.P., should be Lead Counsel and Egerton & Associates, P.A., should be Liaison

Counsel.[2]  The Woodall Plaintiffs propose Bruce G. Murphy, P.C., and the law firm of Schiffrin & Barroway, L.L.P., as Co-Lead Counsel and the law firm of Wilson & Iseman, L.L.P., as Liaison Counsel.

From the documents present, all proposed counsel are competent to handle this matter.  Though both Nomm and the Woodall Plaintiffs leave it to the court to parse the firm biographies, the reading of those documents shows the proposed Lead Counsel firms are experienced in complex, derivative litigation.  Furthermore, Liaison Counsel is more than equipped to perform their duties.  Neither side presents persuasive arguments why the other selected counsel is unfit for the job.  However, as the Woodall Plaintiffs are to be Lead Plaintiffs, it is better to have their counsel, all other qualities equal, as Lead Counsel.  This would logically better facilitate and expedite this case.  See Dollens v. Zionts, Nos. 01C5931 & 01C2826, 2001 WL 1543524, at *6 (N.D. Ill. Dec. 4, 2001) ("[Lead] plaintiffs, absent extraordinary circumstances, should be able to select their own counsel.").

### III. CONCLUSION

For the reasons set forth above,

---

[2] "Liaison counsel is a term generally used to describe attorneys whose primary duties for the group involve essentially administrative matters, such as communications with other counsel and the court."  6 Wright & Miller, supra, § 2385, at 463 n.3 (quoting Manual for Complex Litigation (Second) § 20.221 (1986)).

IT IS ORDERED that Lead Plaintiffs are William Douglas Wright and Judy Woodall and Co-Lead Counsel is Bruce G. Murphy, P.C., and Schiffrin & Barroway, L.L.P., with Wilson & Iseman, L.L.P., as Liaison Counsel.

This the 28th day of October 2005.

_____
United States District Judge

7