UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIAM DOUGLAS WRIGHT and JUDY WOODALL, | ) ) ) | No. 1:04-CV-00832 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| KRISPY KREME DOUGHNUTS, INC, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court, dated November 15, 2006 ("Order"), on the application of the parties for approval of the settlement ("Settlement") set forth in the Stipulation and Agreement of Class and Derivative Settlement (the "Stipulation") dated as of October 30, 2006 (the "Stipulation"). Due and adequate notice having been given to the current Krispy Kreme shareholders as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Derivative Action, including all matters necessary to effectuate the Settlement, and over all parties to the Derivative Action, including the Derivative Lead Plaintiffs and the Derivative Defendants.

3. The Derivative Action against the Derivative Settling Defendants, and all claims contained therein, as well as all of the Released Derivative Claims, are dismissed with prejudice. As between Derivative Lead Plaintiffs and the Derivative Settling Defendants, the parties are to bear their own costs, except as otherwise provided in the Stipulation regarding Derivative Counsel's application for attorneys' fees and expenses.

4. The Court finds that the Stipulation and Settlement are fair, just, reasonable and adequate as to Krispy Kreme, and hereby finally approves the Stipulation

and Settlement in all respects, and orders Krispy Kreme and the Derivative Settling Defendants to perform its terms to the extent that they have not already done so.

5. Upon the Effective Date, Krispy Kreme and all current Krispy Kreme shareholders shall be deemed to have and by operation of this Judgment, shall have, fully, finally and forever released, relinquished and discharged all Released Derivative Claims against the Released Derivative Parties. This release will not include claims by Krispy Kreme arising out of, relating to, or in connection with the indemnity and advancement of legal fees and costs to the Released Derivative Parties pursuant to any undertaking or the Company's Articles of Incorporation, Bylaws, and North Carolina law if it is ultimately determined that a Released Derivative Party is not entitled to indemnification; this release also will not preclude Krispy Kreme from accepting reimbursement pursuant to Section 304 of the Sarbanes-Oxley Act, 15 U.S.C. §7243. Krispy Kreme agrees to release, and by operation of the Judgment in the Derivative Action shall have released, all insurance claims under the Excess Insurance Policies and AISLIC Excess Policy Nos. 362-31-40 and 362-31-41against the Excess Insurers and AISLIC, respectively.

6. Upon the Effective Date, each of the Released Derivative Parties shall be deemed to have, and by operation of this Judgment, shall have, fully, finally, and forever released, relinquished and discharged Krispy Kreme, the Derivative Lead Plaintiffs, Derivative Counsel, and any plaintiffs who brought related derivative cases and their counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Derivative Action or the Released Derivative Claims. This release will not include claims for indemnity and advancement

- 2 -

Case 1:04-cv-00832-JAB   Document 112   Filed 02/14/07   Page 3 of 7

of legal fees and costs pursuant to the Company's Articles of Incorporation, Bylaws, and North Carolina law in connection with: (i) *Smith v. Krispy Kreme Doughnuts, Corp.*, Case No. 1:05-CV-00187 (M.D.N.C.) ("ERISA Case"), **provided**, that if the proposed settlement of the ERISA Case is approved by the court, this release will include the ERISA Case at such time as that settlement becomes effective; (ii) certain actions filed by franchisees against Krispy Kreme and certain of its current and former officers and directors, as set forth on Exhibit F hereto; (iii) any action filed by a person or entity who opts out of the Class Action settlement; (iv) any proceedings in connection with the Class Action and/or the Derivative Action, (v) for all Released Derivative Parties other than Tate and Casstevens, the SEC Investigation and/or USAO Investigation; (vi) for Tate and Casstevens, SEC civil cases and criminal indictments that do not name Tate or Casstevens, respectively, as a defendant (all other claims by Tate and Casstevens as to the SEC Investigation or USAO Investigation shall be governed by the Reserve Fund Agreement); and/or (vii) any other action filed by any person or entity after the date of this Agreement. Each of the Released Derivative Parties agrees to release, and by operation of the Judgment in the Derivative Action shall have released, all insurance claims under the Excess Insurance Policies and AISLIC Excess Policy Nos. 362-31-40 and 362-31-41 against the Excess Insurers and AISLIC, respectively.

7. Upon the Effective Date, any claims for contribution, indemnification, or any other claim against any of the Non-Contributing Derivative Defendants, Tate or Casstevens, whether based in tort, contract, or any other theory, arising from, based upon, or related to any fact or circumstance at issue in the Derivative Action or any other paper filed therein, or the subject matters of the Derivative Action, or the Released

Derivative Claims, or their employment by Krispy Kreme, or service on its board of directors, whether such claim be legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or asserted under state, federal, or common law, shall be deemed to be, and by operation of this Judgment shall be, permanently and forever barred, enjoined and finally discharged as broadly as permitted by state or federal law, except as otherwise provided in ¶4.5 of the Stipulation; ***provided, however,*** that this Bar Order is not intended, and shall not be interpreted as, as release or bar order of any claims Krispy Kreme may have against Livengood for contribution based upon 15 U.S.C. § 78u-4(f)(7)(A)(ii) or as otherwise provided by applicable law for breach of fiduciary duty, for cancellation of stock options pursuant to the terms of any stock option plan or agreement, for reimbursement of any bonus or other incentive-based or equity-based compensation or any profits realized from the sale of Krispy Kreme securities as provided for under Section 304 of the Sarbanes-Oxley Act, 15 U.S.C. § 7243, or any other claims, known or unknown, that have been or could be asserted by Krispy Kreme against Livengood in the pending Derivative Action or arising out of or relating to his employment as Chairman, Chief Executive Officer, or President of Krispy Kreme. The Judgment in the Derivative Action shall permanently bar and enjoin the institution and/or prosecution of any actions or claims by any Barred Person against the Excess Insurers or AISLIC, arising out of or related to any of the Excess Insurance Policies or AISLIC Excess Policy Nos. 362-31-40 and 362-31-41, or the obligations of any Excess Insurer or AISLIC under any of the Excess Insurance Policies or AISLIC Excess Policy Nos. 362-31-40 and 362-31-41, except as expressly provided for in the Reserve Fund Agreement.

8. The Court finds that the Notice of Proposed Settlement of Shareholder Derivative Action and Hearing ("Notice") given to current Krispy Kreme shareholders was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

9. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Derivative Claim, or of any wrongdoing or liability of any of the Released Derivative Parties ; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Derivative Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Derivative Parties or any of them may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in related litigation.

10. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the Settling Parties for the purpose of construing, enforcing and administering the Stipulation and Settlement.

11. If the Effective Date fails to occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: February 14, 2007

*[signature]*
WILLIAM L. OSTEEN
UNITED STATES DISTRICT JUDGE